IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW BARNES, <br> TDCJ-CID #01531062, <br> <br> Petitioner, <br> <br> v. <br> <br> WILLIAM STEPHENS, Director, <br> Texas Department of Criminal <br> Justice, Correctional <br> Institutions Division, <br> <br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-15-0815 |

**MEMORANDUM OPINION AND ORDER**

Andrew Barnes filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1) challenging his state murder conviction and forty-year prison sentence. Pending before the court is Respondent William Stephens's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) with Brief in Support ("Respondent's Motion to Dismiss") (Docket Entry No. 9). For the reasons stated below, the court will deny Respondent's Motion to Dismiss.

I. **Background and Facts**

On September 23, 2008, in the 183rd District Court of Harris County, Texas, a jury found Barnes guilty of murder.[1]

---

[1]Judgment of Conviction By Jury, Docket Entry No. 10-10, pp. 4-5.

Barnes elected to have punishment assessed by the jury, which sentenced him to forty years in prison.[2] On October 8, 2009, the First Court of Appeals of Texas affirmed Barnes' conviction.[3] The Texas Court of Criminal Appeals denied Barnes' petition for discretionary review ("PDR") on March 24, 2010.[4]

On March 18, 2011, Barnes filed his first state application for a writ of habeas corpus, which he signed on March 15, 2011.[5] Barnes filed a second application on October 11, 2011, which he signed on October 5, 2011.[6] On November 5, 2014, the Texas Court of Criminal Appeals dismissed both state habeas applications without a written order, citing non-compliance with Texas Rule of Appellate Procedure 73.1.[7] On December 2, 2014, Barnes filed a third state application, which he signed November 10, 2014.[8] On

---

[2] Id.

[3] First Court of Appeals' Memorandum Opinion, Docket Entry No. 10-29, pp. 1, 31.

[4] In re Barnes, PD-1634-09, 2010 Tex. Crim. App. LEXIS 102 at *1 (March 24, 2010).

[5] Application for Writ of Habeas Corpus, State Habeas Record WR-81,067-04, Docket Entry No. 11-24, pp. 6, 18.

[6] Application for Writ of Habeas Corpus, State Habeas Record WR-81,067-05, Docket Entry No. 12-21, pp. 6, 16.

[7] Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-81,067-04, Docket Entry No. 11-23, p. 1; Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-81,067-05, Docket Entry No. 12-20, p. 1.

[8] Application for Writ of Habeas Corpus, State Habeas Record WR-81,067-06, Docket Entry No. 12-23, pp. 5, 23-24.

March 18, 2015, the Texas Court of Criminal Appeals denied Barnes' third state application without written order on the findings of the trial court without a hearing.[9] On December 11, 2014, Barnes filed a federal petition for a writ of habeas corpus, which he signed on the same day.[10] This court dismissed that petition on December 19, 2014, for failure to exhaust state remedies.[11] On March 30, 2015, Barnes filed his pending federal Petition, which he signed on March 24, 2015.[12]

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for all cases filed after April 24, 1996. 28 U.S.C. § 2244(d)(1); <u>Lindh v. Murphy</u>, 521 U.S. 320, 326-27 (1997). The AEDPA's statute of limitations provision is codified in 28 U.S.C. § 2244(d)(1):

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[9] Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-81,067-06, Docket Entry No. 12-22, p. 1.

[10] Petition for Writ of Habeas Corpus, Case No. 4-14-cv-03531, <u>Andrew Barnes v. William Stephens</u>, Docket Entry No. 1, pp. 1, 11.

[11] Memorandum on Dismissal, Case No. 4-14-cv-03531, <u>Andrew Barnes v. William Stephens</u>, Docket Entry No. 5, pp. 1-2.

[12] Petition, Docket Entry No. 1, p. 11.

>    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section § 2244(d)(2) provides for tolling of the limitations period while a properly filed application for state post-conviction review is pending.

### A.    Commencement of the Limitations Period

Barnes' conviction became final on June 22, 2010, at the end of the ninety-day period for filing a petition for a writ of certiorari with the Supreme Court following the Texas Court of Criminal Appeals' order denying relief. See Sup. Ct. R. 13.1. Pursuant to 28 U.S.C. § 2244(d)(1)(A), Barnes therefore had until June 22, 2011, to file his federal petition, absent any tolling.

### B.    Statutory Tolling

Under the AEDPA the limitations period for federal habeas corpus is tolled while a properly filed application for state post-conviction review is pending. 28 U.S.C. § 2244(d)(2). The Supreme Court has held that an application is "properly filed" when it complies with the applicable laws and rules governing filings.

-4-

Artuz v. Bennett, 121 S. Ct. 361, 364 (2000). State law governs whether an application for state habeas is "properly filed." Id.

Barnes signed his first state habeas application on March 16, 2011, within the one-year limitations period.[13] Barnes signed his second state application on October 5, 2011, while the first application was still pending.[14] The Texas Court of Criminal Appeals dismissed both applications on November 5, 2014, citing non-compliance with Texas Rule of Appellate Procedure 73.1.[15] The Fifth Circuit has applied Artuz to dismissals under Rule 73.1. See, e.g., Wickware v. Thaler, 404 F. App'x 856, 857-60 & n.2 (5th Cir. 2010) (per curiam) (unpublished) (state habeas application was not properly filed under Rule 73.1); see also Broussard v. Thaler, 414 F. App'x 686 (5th Cir. 2011) (deferring to Texas Court of Criminal Appeals' determination that state habeas application was not properly filed under Rule 73.1).

Barnes contends that the state courts should not have waited three years to dismiss his application.[16] Although he does not

---

[13]Application for Writ of Habeas Corpus, State Habeas Record WR-81,067-04, Docket Entry No. 11-24, pp. 6, 18.

[14]Application for Writ of Habeas Corpus, State Habeas Record WR-81,067-05, Docket Entry No. 12-21, pp. 6, 16.

[15]Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-81,067-04, Docket Entry No. 11-23, p. 1; Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-81,067-05, Docket Entry No. 12-20, p. 1.

[16]Petitioners Opposition to Dismiss as Time Bar, Docket Entry No. 13, pp. 1-2.

specifically contend that the state's delay in dismissing his application was an impediment to filing that violated the Constitution or federal law within the meaning of 28 U.S.C. § 2244(d)(1)(B), the court construes Barnes' Petition liberally to raise a § 2244(d)(1)(B) argument due to his pro se status. See Haines v. Kerner, 92 S. Ct. 594 (1972) (holding pro se pleadings to less stringent standards than formal pleadings drafted by lawyers).

"In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003). The Fifth Circuit held in Critchley v. Thaler, 586 F.3d 318, 321 (5th Cir. 2009), that the unexplained failure of a county clerk to file timely a habeas petition was a constitutionally impermissible state action within the meaning of § 2244(d)(1)(B). In Wickware the court distinguished Critchley as involving the failure of a clerk to perform a ministerial act, and held that a nine-month delay in a judge's ruling did not constitute a federal constitutional violation. The court stated, however, that "[w]e express no opinion on whether a delay in ruling could be so long as to warrant relief; we simply conclude this case does not present such a situation." Wickware, 404 F. App'x at 863.

In this case the Court of Criminal Appeals delayed more than three years before dismissing Barnes' first petition pursuant to Rule 73.1. Respondent's Motion to Dismiss provides no reasoned

explanation for this lengthy delay, and none is apparent from the record. Instead of deciding whether the delay in this case was "so long as to warrant relief" within the meaning of Wickware, the court concludes that Barnes is entitled to the benefit of equitable tolling.

C. **Equitable Tolling**

The one-year limitations period under the AEDPA is subject to equitable tolling at the district court's discretion and only in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). A habeas petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)).

Barnes contends that he is entitled to equitable tolling because he has pursued his rights diligently, especially given the state's three-year delay in dismissing his first state habeas application.[17] Barnes quickly filed a third state habeas petition after the dismissals of his first two habeas applications.[18] Barnes

---

[17]Petitioners Opposition to Dismiss as Time Bar, Docket Entry No. 13, pp. 1-2.

[18]See Application for Writ of Habeas Corpus, State Habeas Record WR-81,067-06, Docket Entry No. 12-23, pp. 5, 23-24 (signed on November 10, 2014, five days after his first two state
(continued...)

also filed multiple applications for a writ of mandamus to advance consideration of his first two state habeas applications.[19] He filed a prior federal petition by which he sought a "protective order pending exaustive [sic] of state post conviction writ to avoid a time-bar . . . ." <u>Andrew Barnes v. William Stephens</u>, 4:14cv3531, Docket Entry No. 1-1.

Under these facts the court, in the exercise of its discretion, concludes that Barnes is entitled to equitable tolling from March 15, 2011, until November 5, 2014, because he diligently pursued his rights, and the unexplained three-and-one-half-year delay before the Court of Criminal Appeals dismissed his first and second state petitions is a "rare and exceptional circumstance" that warrants equitable tolling. <u>See</u> <u>Hardy v. Quarterman</u>, 577 F.3d 596 (5th Cir. 2009). Barnes' pending Petition is therefore timely, and Respondent's Motion to Dismiss will be denied.

### III. Conclusion and Order

For the reasons explained above, Respondent Stephens' Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) (Docket Entry No. 9) is **DENIED**.

---

[18](...continued) applications were dismissed); <u>see also</u>, Petition, Docket Entry No. 1, p. 11 (signed on March 18, 2015, six days after his third state application was denied).

[19]<u>See</u>, <u>e.g.</u>, Texas Court of Criminal Appeals' Opinion, Docket Entry No. 11-16; Application for a Writ of Mandamus, Docket Entry No. 11-19, pp. 2-3; Application for a Writ of Mandamus, Docket Entry No. 11-22.

Respondent is **ORDERED** to file a motion for summary judgment addressing the merits of Barnes' Petition within forty (40) days from the entry of this Memorandum Opinion and Order. Any response by Barnes must be filed within thirty (30) days of the filing of respondent's motion for summary judgment. Given the length of time that has transpired since Barnes' conviction and the fact that respondent already has the entire state court record <u>no extensions will be granted from these deadlines</u>.

**SIGNED** at Houston, Texas, on this 11th day of August, 2015.

                                    _____
                                            SIM LAKE
                                    UNITED STATES DISTRICT JUDGE